No. 724 July 29, 2026 871

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Guardianship of Abigail Grace Allison,
Protected Person.

Dawn ALLISON,
*Appellant,*

*v.*

Janet L. FIERAR,
as Guardian for Abigail Grace Allison;
Abigail Grace Allison, Protected Person; and Rex Allison,
*Respondents.*

Deschutes County Circuit Court
22PR02084; A184270

Alison M. Emerson, Judge.

Argued and submitted January 21, 2026.

Christopher L. Cauble argued the cause for appellant. Also on the brief was Cauble, Furr & Beguin, LLP.

Jeffry S. Hinman argued the cause for respondent Abigail Grace Allison. Also on the briefs was Hinman Law, P. C.

No appearance for respondents Rex Allison and Janet L. Fierar.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Appellant appeals a limited judgment that awarded attorney fees incurred in a guardianship proceeding involving appellant's adult daughter, A, who is disabled and has significant medical needs. In one assignment of error, appellant argues that the trial court erred "as a matter of law in interpreting ORS 125.095 to allow the Court to award [attorney] fee[s] against parties which are not the protected person," specifically, A's parents.

A detailed recitation of the facts would not benefit the bench, the bar, or the public. In a protective proceeding, A's court-appointed counsel petitioned for attorney fees in the amount of $19,204.00 "to be *** paid by [A]'s Mother and Father." Appellant, who is A's mother, objected. She argued that "there is simply no authority *** to award attorney's fees from the resources of the [protected] person's parents" and that ORS chapter 125, specifically ORS 125.095(1), is "very clear that any attorney's fees *** for protected persons, need to be paid for out of the protected person's assets."

At the hearing, the court rejected appellant's argument and issued the following ruling:

"In this case, ORS 125.095 requires the court to order fees and costs: 'Funds of the protected person subject to a protected proceeding may be used to pay reasonable fees, costs and disbursements'—blah, blah, blah.

"So I went looking for statutory authority to—that parents have to [support] kids, which led me to ORS 109.010, which requires that parents are bound to maintain their children who are poor and unable to work to maintain themselves.

"This case is a guardianship case set up because this child is not able to work. While I understand that she receives Social Security benefits, she has—she is a very high-needs child who has a lot of health issues and her everyday living costs are extensive.

" *** So I do find that under [ORS] 125.09[5] and [ORS] 109.010, in conjunction with ORS 107.108, this is a child who's under the age of 21. There is an obligation to pay support as long as that child is a child attending school.

"And also, ORS 20.105, which allows the Court to award fees and costs when there's no objectively reasonable basis for ongoing pleadings. * * *

"So I am awarding the reasonable attorney fees and costs as it is associated with this case, and those costs will be divided based upon the percentage of income each parent has to provide."

(Emphases added.)

The court clarified that it "cited to those particular statutes * * * to show that *these are funds of the protected person* based upon the statutory authority that requires these parents to provide supports to this child." (Emphasis added.) It therefore ordered parents to pay the attorney fees if A's estate, which consisted only of her social security disability benefits, did not cover the expenses.[1]

After additional hearings on the proper apportionment of financial responsibility, the court entered a limited judgment that required appellant to pay $14,595.04 and A's father to pay $4,608.96 of A's attorney fees. This appeal followed.

We review a trial court's interpretation of a statute for legal error. *Louie v. Louie*, 317 Or App 378, 381, 506 P3d 1187 (2022).

As relevant here, ORS 125.095(1) states,

"Funds of a person subject to a protective proceeding may be used to pay reasonable fees, costs and disbursements to any * * * attorney * * * for services related to the protective proceeding or for services provided on behalf of a * * * protected person."

*See also* ORS 125.095(2)(c) (requiring court approval before the payment of attorney fees from a protected person's funds).

---

[1] As relevant here, the order included the following provision:

"[P]ayment of attorney fees and fiduciary fees shall be sought from Social Security. Any remaining fees and/or costs due after payment by Social Security shall be paid by Mother and Father proportional to income of the parties[.]"

*See* ORS 125.080(7)(a) ("If the court appoints counsel [for a protected person,] [t]he court shall order payment of attorney fees and costs from the guardianship * * * estate of the * * * protected person if sufficient funds exist to pay all or a portion of the attorney fees and costs due[.]").

Critically, appellant's assignment of error fails to accurately represent and grapple with the trial court's ruling. [2] The court neither exclusively interpreted nor applied ORS 125.095 to permit its attorney fees award against parents. Rather, it expressly interpreted ORS 125.095, "in conjunction with" ORS 109.010, ORS 107.108, and ORS 20.105, as providing the statutory basis for its award.[3] Specifically, the court determined that, given the facts particular to this protective proceeding, which involves a high-needs adult child with very limited assets and parents with comparatively comfortable finances, it was appropriate and lawful to order the following two-step fee recovery process.[4] *See Derkatsch v. Thorp, Purdy, Jewett*, 248 Or App 185, 193, 273 P3d 204 (2012) ("[A]s a general matter, a court in a protective proceeding has broad powers.").

First, under ORS 125.095, A's estate must pay the attorney fees to the maximum extent possible without jeopardizing A's care. Second, under ORS 125.095 "in conjunction with" the trio of other cited statutes, A's parents must pay the remainder owed because they owe a duty of support to A, which includes payment of her necessarily incurred debts. To reach that conclusion, the trial court relied in large part on ORS 109.010, which obligates parents "to maintain their children who are poor and unable to work to maintain themselves." That statutory duty of support extends to, and is enforceable against, parents of disabled adult children. *Haxton and Haxton*, 299 Or 616, 632, 705 P2d 721 (1985). Put another way, we understand the court to have

---

[2] Appellant also did not comply with ORAP 5.45(4)(a), because her opening brief failed to "demonstrate that the question or issue presented by the assignment of error timely and properly was raised and preserved in the lower court." Notwithstanding our ability to "decline to consider any assignment of error that requires [us] to search the record" to determine if the error was preserved, ORAP 5.45(4)(a), we opt to review appellant's assignment of error because she otherwise complied with preservation requirements, *cf. M. D. D. v. Alonso*, 285 Or App 620, 625 n 3, 396 P3d 961 (2017) (doing the same where our ability to review the assignment was not impaired).

[3] Because the trial court interpreted and applied the four statutes in tandem with one another, each statute did not provide an "alternative, independent ground[]" for its award, as respondent urges on appeal. *Cf. Strawn v. Farmers Ins. Co.*, 350 Or 336, 366, 258 P3d 1199, *adh'd to on recons*, 350 Or 521, 256 P3d 100 (2011), *cert den*, 565 US 1177 (2012).

[4] The record indicates that appellant has worked as a dermatologist and that A's father is trained as a school psychologist.

determined that, to the extent that A's existing estate could not cover the attorney fees, the court could order parents to cover the remaining expenses, as a form of child support. We are not presented with any argument as to why support owed and ordered under ORS 109.010 cannot be treated as "funds of" A within the meaning of ORS 125.095. *Cf. Louie*, 317 Or App at 381-82 (concluding that there was no statutory basis to conclude that a husband's assets constituted "funds of" his wife, who was a protected person, under ORS 125.095 "simply by virtue of the marital relationship").[5] Nor are we presented with any argument as to why, on the facts of this case, the trial court could not simply order the payment of the remaining attorney fees directly from A's parents, instead of having the money routed through A's estate.

Because the court did not rely only on ORS 125.095 to justify its fee award, it did not err in the manner asserted by appellant. And based on the facts and arguments before us, we discern no error in the ruling that the court actually made. We affirm.

Affirmed.

---

[5] We do not evaluate whether the trial court properly invoked ORS 107.108 and ORS 20.105, because our analysis of ORS 125.095 together with ORS 109.010 is sufficient to resolve this appeal. Moreover, neither party presented arguments on those other two statutes. However, we observe that it is unclear whether the trial court correctly relied on ORS 107.108 without conducting a guideline calculation. *See Webb v. Webb*, 350 Or App 277, 279-80, __ P3d __ (2026) (explaining that support ordered under ORS 107.108 must be calculated in accordance with the Child Support Guidelines).